IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JERMELL COALTRAIN,

     Plaintiff,

v.	Case No. 21-cv-41-JWB

AMERICAN CASTINGS, LLC,

     Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to remand. (Doc. 12.) The motion has been briefed and is ripe for decision.[1] (Doc. 13.) The motion is GRANTED for the reasons stated herein.

**I.    Facts and Procedural History**

In 2014, Plaintiff Jermell Coaltrain, who is an African-American male, was hired by Defendant American Castings, LLC, to work as a top deck hand in the melt department. Plaintiff suffers from severe anxiety and panic attacks. In December 2018, Plaintiff obtained a medical marijuana card for treatment of his mental health conditions. (Doc. 2-1 at 5.) Plaintiff informed Defendant of his new prescription during a safety protocol meeting. Defendant told Plaintiff that he could not use marijuana before or during work and that he would be subject to random drug tests. Although Plaintiff attempted to go without his medical marijuana, he was unsuccessful after suffering a panic attack. Plaintiff alleges that he was subject to reprimands and, ultimately, termination due to his prescription for medical marijuana. Plaintiff alleges that Defendant has

---

[1] Plaintiff did not file a reply brief and the time for doing so has now passed.

allowed a former co-worker, who is Caucasian, to use medical marijuana without any reprimands or hassles from human resources. (*Id.* at 7.)

On January 29, 2021, Plaintiff filed a complaint against Defendant in the District Court for Mayes County, Oklahoma, alleging claims of employment discrimination. Plaintiff's state court complaint alleged three claims against Defendant under Oklahoma law: 1) wrongful discharge in violation of public policy; 2) disability discrimination in violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25 § 1101; 3) and race discrimination in violation of the OADA. (*Id.* at 7-9.) Plaintiff did not specifically plead a claim under federal law; however, Plaintiff did assert in his factual recitation that he was subject to race discrimination and retaliation in violation of Title VII of the Civil Rights Act. (*Id.* at ¶¶ 30-31.) On February 3, 2021, Defendant removed the action to this court. (Doc. 2.) Defendant alleged removal was proper because Plaintiff's claims arise under Title VII. (*Id.* at 2.) On February 17, Plaintiff filed an amended complaint which was substantively identical except for the removal of the references to Title VII in his factual recitation. Plaintiff's three claims were again brought under Oklahoma state law. (Doc. 8.) Plaintiff then moved to remand arguing that he "inadvertently mentioned Title VII" in his initial complaint, his claims arise only under state law, and that the action should be remanded because the parties are not diverse. (*Id.* at 1.) Defendant opposes the motion to remand.

**II.     Analysis**

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a court has original jurisdiction over one claim, it also has supplemental jurisdiction "over all other claims that are so

2

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, a court may decline to exercise supplemental jurisdiction over such a claim if: "the claim raises a novel or complex issue of State law; [ ] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; [ ] the district court has dismissed all claims over which it has original jurisdiction; or [ ] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c).

Plaintiff asserts that this court should remand the action because the parties are not diverse and the amended complaint does not allege any claims under federal law. Plaintiff essentially argues that filing of the amended complaint divested this court of subject matter jurisdiction. Defendant objects to remanding the case and asserts that jurisdiction is proper under the allegations contained in the complaint at the time of removal. In determining whether removal was proper, the court looks to the complaint as it stands at the time of the removal. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014). In this case, Plaintiff's initial complaint cited to Title VII and alleged that Defendant discriminated against him in violation of that federal statute. The specific reference to the statute and alleged violation of the same is sufficient to establish subject matter jurisdiction over this action. *See Smith v. City of Wichita, Kansas*, No. 17-1114-JTM, 2017 WL 3437664, at *2 (D. Kan. Aug. 10, 2017) (finding that removal was proper based on allegations of a violation of the United States Constitution). Therefore, the court finds that removal was proper.

After the removal, however, Plaintiff filed an amended complaint as a matter of course and removed all references to Title VII. Based on the amended complaint and Plaintiff's motion to remand, Plaintiff seeks to proceed under state law and has essentially voluntarily dismissed his

claim under Title VII. While the amendment does not deprive this court of jurisdiction, this court has discretion when deciding whether to retain jurisdiction over state law claims when the federal claims have been dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c). The Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted). The Supreme Court has also instructed that when federal law claims are dropped out of the suit in the early stages, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Defendant asserts that the court should retain jurisdiction here because Plaintiff's claims of race discrimination arise under Title VII and not the OADA. Defendant argues that despite the allegations in the amended complaint, Plaintiff is in fact bringing these claims under Title VII. Defendant then cites to the initial complaint and Plaintiff's charge filed with the Equal Employment Opportunity in which Plaintiff referred to Title VII. (Doc. 13 at 4-5.) While Plaintiff did refer to Title VII in his initial charge and the complaint, Plaintiff has removed all references of Title VII in his amended complaint and seeks to proceed solely on his claims under Oklahoma law. Notably, Plaintiff acted quickly to amend his complaint and remove any reference to Title VII. As the master of his claims, Plaintiff may choose to proceed under state law instead of federal law. Based on all of the circumstances, the court finds no indication that Plaintiff acted in bad faith in deleting his reference to federal law in his amended complaint and moving to remand.

In this case, the parties have yet to conduct an initial scheduling conference and Judge John Dowdell issued a stay on discovery and related proceedings due to the pending dispositive motion. (Doc. 14.) Therefore, no substantial case activity has occurred and the case has been pending for

15 months due to the substantial increase in criminal cases in this jurisdiction as a result of the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). While the undersigned has recently been assigned this case, this judicial district has a substantial case backlog following the *McGirt* decision. These considerations weigh in favor of declining jurisdiction. *See Carnegie-Mellon Univ.*, 484 U.S. at 350.

Based on these considerations, the court will decline jurisdiction of the remaining claims and remand this matter to state court.

### III.    Conclusion

Plaintiff's motion to remand (Doc. 12) is GRANTED. The clerk is directed to remand this matter to the District Court for Mayes County, Oklahoma.

IT IS SO ORDERED. Dated this 19th day of May, 2022.

>                    __s/ John Broomes_____
>                    JOHN W. BROOMES
>                    UNITED STATES DISTRICT JUDGE